[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#114)
I. Facts:
CT Page 10506
The plaintiff, CDS Recoveries LLC (CDS), brought a complaint, dated September 24, 1998, against the defendant, Martin Kahn, for his alleged failure to make payments due under a promissory note.[1] CDS now moves for summary judgment on its complaint.
The parties' briefs allege the following undisputed facts. On September 29, 1989, Kahn executed a promissory note in the amount of $208,000 in favor of Saybrook Bank Trust Company (Saybrook Bank). On May 4, 1988, Dilip J. Mehta and Carole A. Mehta executed a promissory note in the amount of $250,000 in favor of Bonnie Clein. As security for the Mehta note, the Mehtas granted Clein a mortgage deed. Thereafter, Clein assigned all her interest in the Mehta note and mortgage to Kahn.
As security for his note with Saybrook Bank, Kahn assigned his interest in the Mehta note and mortgage to Saybrook Bank. As part of this transaction, Saybrook Bank, the Mehtas and Kahn established a deposit account for payments by the Mehtas on the Mehta note. From this account, Saybrook Bank deducted payments for Kahn's obligation.
On or about December 6, 1991, Saybrook Bank was declared insolvent and the Federal Deposit Insurance Corporation (the FDIC) was appointed receiver of Saybrook Bank and became the holder of the Kahn note. The deposit account was transferred to New Haven Savings Bank. Thereafter, the Mehtas continued to make payments on the Mehta note into the deposit account as payment on the Kahn note.
Subsequently, on June 3, 1998, the FDIC assigned the Kahn note to CDS. On May 5, 1998, CDS sent Kahn a notice of default and acceleration. Thereafter, it commenced the present action on September 24, 1998 for payment of the debt.
On January 6, 1999, Kahn filed an answer, special defenses and counterclaim. In his answer, Kahn denies that he failed to make payments due under the note. He further alleges the following special defenses. The action is barred by the statute of limitations, payment, laches, equitable estoppel, his right to a set off, and breach of the covenant of good faith and fair dealing.[2] The counterclaim sounds in three counts. The first count alleges that Kahn fully paid the note by virtue of the Mehtas' payments on the Mehta note into the deposit account, which were subsequently deducted by Saybrook Bank and/or its successors in interest to repay his note. Kahn further alleges that the debt was overpaid in the amount of $39,000. The second and third counts of the counterclaim are based on the same facts and allege a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq., and a violation of the covenant of good faith and fair dealing, respectively. CT Page 10507
On January 19, 2000, CDS moved for summary judgment on the grounds that there is no genuine issue as to any material fact that Kahn defaulted under the note and is liable to CDS for the debt and, further, that Kahn has failed to raise any valid defenses to its complaint.[3]
II. Standard:
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty,235 Conn. 185, 202, 663 A.2d 1001 (1995).
III. Discussion:
As a preliminary matter, the court holds that the present action is not barred by the statute of limitations. Section 42a-3-118 (a) of the General Statutes provides, in pertinent part, that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." The note was due on October 29, 1992 and the note was accelerated on May 27, 1998. As the present action was commenced on September 24, 1998 the action is timely.
As to the remaining special defenses, the court will only discuss the special defense alleging payment as it is dispositive of the present motion. CDS argues that Kahn's payment defense cannot be sustained because the affidavit of David Martin, the manager of CDS, and the records of New Haven Savings Bank establish that monies paid by the Mehtas into the deposit account were removed by representatives of Kahn and were never properly paid to CDS or its predecessors in interest. Nonetheless, Martin's affidavit and the New Haven Savings Bank records are not uncontroverted. In his affidavit, Kahn avers that the Mehtas made payments in excess of the amount of the debt into the deposit account. CT Page 10508 Accordingly, Kahn's affidavit and documentation submitted in support thereof create a genuine issue of material fact as to whether the debt was paid in full.
IV. Conclusion:
For the reasons herein stated, CDS Recoveries, LLC's motion for summary judgment ought to be and is hereby denied.
It is so ordered.
By the court,
 Arena, J.